NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: BRIAN GALE,**
*Appellant*

---

2020-2270

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 12/408,686.

---

Decided:  May 18, 2021

---

THEODORE SABETY, Sabety & Associates PLLC, New York, NY, for appellant.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrew Hirshfeld.  Also represented by KAKOLI CAPRIHAN, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before MOORE, TARANTO, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Brian Gale appeals a decision of the Patent Trial and Appeal Board rejecting all noncancelled claims from his patent application as ineligible under 35 U.S.C. § 101.

Because we agree with the Board that the claims are directed to an abstract idea and lack an inventive concept, we affirm.

I

Mr. Gale filed U.S. Patent Application No. 12/408,686 (the '686 application) titled "Verification Monitor for Critical Test Delivery Systems" on March 21, 2009. The '686 application is generally directed to monitoring and assembling metadata related to critical test result delivery systems in the medical field. *Ex Parte Brian Gale*, 2020 WL 4345857, at *1 (P.T.A.B. July 20, 2020) (*Decision*) (quoting J.A. 40). The application explains that, in the medical testing world, timely reporting of diagnostic testing results is crucial. J.A. 40. To address this concern, the application describes a method for ensuring that reporting of diagnostic test information occurs consistently and continually. J.A. 41.

Claim 1 is representative:

1. A method of verification monitoring of a critical test result message management system performed by a computer system comprised of at least one computers comprising:

receiving into the computer system at least one data messages embodying a corresponding at least one critical test result messages, said at least one data messages having an associated at least one timing data;

determining by using the computer system to read from a computer data storage device data that represents the received at least one data messages, at least one test result message metadata corresponding to the received at least one message, said determined metadata describing

at least one of a transmission time, a receipt time, a retrieval time, a response time, or an interval between two times, by further using the timing data corresponding to the at least one data messages associated with the at least one critical test result messages;

using the computer system to calculate data representing a usage pattern using the determined at least one test result message metadata; and

using the computer to automatically determine a logical condition using the data representing the usage pattern, said logical condition comprising either the state of compliance or the state of non-compliance of the calculated usage pattern with a pre-defined usage pattern requirement of the critical test result message management system.

J.A. 33.

Thus, claim 1 describes a method in which a computer system: (1) receives critical test result messages with associated timing-related metadata, (2) reads the timing-related metadata, (3) calculates a usage pattern from the metadata, and (4) determines whether the calculated usage pattern is compliant by comparing it to a predetermined usage pattern requirement.

The Board found that the claims of the '686 application were ineligible under 35 U.S.C. § 101 because they were directed to an abstract idea without significantly more. *Decision*, 2020 WL 4345857, at *9. Mr. Gale now appeals.

## II

Patent eligibility is a question of law that may contain underlying issues of fact. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). We review patent eligibility under 35 U.S.C. § 101 under the two-part test established by the Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). "We must first determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* at 218. If they are, we "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78–79 (2012)).

We agree with the Board that Mr. Gale's claims are directed to the abstract idea of (1) collecting information (here, receiving messages and reading their metadata), (2) analyzing the information (here, calculating a usage pattern and determining its compliance with a predetermined usage pattern), and (3) reporting the results. *Decision*, 2020 WL 4345857 at *5.

We have previously held that similar claims are directed to abstract ideas. *See e.g. SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) ("[S]electing certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis" is abstract.); *Intellectual Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1341 (Fed. Cir. 2017) ("[O]rganizing, displaying, and manipulating data of particular documents" is abstract.); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1093 (Fed. Cir. 2016) ("[T]he realm of abstract ideas" includes "collecting information," "analyzing information," and "presenting the results."); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) ("[The] process of gathering

and analyzing information of a specified content, then displaying the results" is abstract.).

Among other arguments, Mr. Gale contends that the Board oversimplified the claims of the '686 application, which he alleges are more specific than the claims considered in our prior caselaw. Mr. Gale argues that his claims focus on a narrow, enumerated portion of the metadata associated with timing. But "a claim is not patent eligible merely because it applies an abstract idea in a narrow way." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1287 (Fed. Cir. 2018). The recitation of certain timing-related metadata fields in the claims does not make the claims any less abstract.

We also disagree with Mr. Gale's argument that his claims are not abstract simply because they include measurements that are "fed into a computer that repeatedly recalculates [an output]." *Diamond v. Diehr*, 450 U.S. 175, 178 (1981)). The claims in *Diehr*, directed to a process of molding raw synthetic rubber into cured precision products, were patent-eligible because "they improved an existing technological process, not because they were implemented on a computer," *Alice*, 573 U.S. at 223, or because they involved measurements. Conversely, Mr. Gale's claims are directed to a method for monitoring the reporting of diagnostic test results, not to any technological improvement. Nor are Mr. Gale's claims technological in nature simply because the claimed method is implemented on a computer.

Having determined that the claims are directed to an abstract idea, we also agree with the Board that there is no inventive concept that transforms to claims into a patent-eligible application. *Decision*, 2020 WL 4345857, at *8–9. As the Board found, the only additional element beyond the abstract idea is a generic computer system to perform the method, the use of which is well-understood, routine, and conventional. *Id.* at *9.

Mr. Gale's argument that the claims include an inventive concept because the Board did not reject the claims under 35 U.S.C. § 103 is unconvincing. "[M]erely reciting an abstract idea by itself in a claim—even if the idea is novel and non-obvious—is not enough to save it from ineligibility." *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1169 (Fed. Cir. 2019). There is no inconsistency in rejecting a claim under § 101 despite the lack of a rejection under § 103.

Mr. Gale's other arguments regarding *Alice* step two are similarly unavailing. It was not error for the Board to focus only on the claimed computer system at step two, because the Board properly determined that the remainder of the claims simply recited the abstract idea itself. And we disagree with Mr. Gale's attempt to analogize to *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, because *Amdocs* involved "an unconventional technological solution . . . to a technological problem" in which "generic components operate[d] in an unconventional manner." 841 F.3d 1288, 1300–01 (Fed. Cir. 2016). Mr. Gale's claims contain no such technological solution, nor the unconventional operation of generic computer components.

## III

We have considered Mr. Gale's remaining arguments and find them unpersuasive. Because we agree with the Board that the claims are directed to ineligible subject matter, we affirm.

**AFFIRMED**